UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY POLLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:04CV978 RWS |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Kimberly Poller's appeal from an adverse ruling of the Social Security Administration. Pursuant to 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Thomas C. Mummert, III, who filed his Report and Recommendation on August 12, 2005. It is the Magistrate Judge's recommendation that the Commissioner's decision be affirmed and the case be dismissed.

The background of this case is fully recounted in Judge Mummert's report. Poller objects to Judge Mummert's recommendation on two grounds. Poller asserts that the Administrative Law Judge failed to fully develop an adequate record in determining Poller's credibility regarding her residual functional capacity. Poller claims that the ALJ failed to consider the seven factors addressing credibility enumerated in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). She asserts that the ALJ erred by not discussing the seven factors in his decision and failed to address the factors in developing the record.

A de novo review of the record reveals that Poller's medical evaluations and her hearings before the ALJ provided the information that is covered in the Polaski factors. An ALJ need not explicitly discuss each Polaski factor in his decision. The ALJ's decision in this matter implicitly

indicates that he did consider these factors in reaching his determination of credibility.

Poller's second objection concerns whether there is substantial evidence in the record to support the ALJ's conclusion that Poller could perform other jobs given her physical limitations. The record indicates that the ALJ posed a proper hypothetical question to the Vocational Expert concerning the job prospects of a person with Poller's limitations. The question assumed that the person's left hand had no limitations and that her right hand had the limitations attributed to Poller. The Vocational Expert responded that there were jobs that such a person could perform such as assembler and hand packager or packager. The conclusion of the ALJ in this regard is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#22] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Commissioner's decision to deny Plaintiff Kimberly Poller disability insurance benefits and supplemental security income benefits is **AFFIRMED** and this case is **DISMISSED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2005.